**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WILDSEED MOBILE LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:22-CV-00357-ADA |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| GOOGLE LLC and YOUTUBE, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**<u>DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S OPPOSED MOTION TO
TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

███████████

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ....................................................................................................1

II.    PROCEDURAL HISTORY......................................................................................2

III.   FACTUAL BACKGROUND....................................................................................2

      A.     More witnesses are in N.D. Cal and more documents are created and maintained in N.D. Cal. than any other location.........................................................2

      B.     Wildseed's connections to W.D. Tex. are recent and limited.................................5

      C.     No known third-party witnesses are located in this District, but relevant witnesses reside in or nearer to the N.D. Cal. .............................................6

IV.   LEGAL STANDARD...............................................................................................7

V.    ARGUMENT: THE § 1404 FACTORS FAVOR TRANSFER ................................8

      A.     This case could have been filed in the N.D. Cal. .....................................................8

      B.     All private interest factors strongly favor transfer...................................................8

            1.     The cost of attendance for willing witnesses strongly favors transfer. ...............................................................................8

            2.     The availability of compulsory process to secure attendance of witnesses strongly favors transfer...............................................10

            3.     The relative ease of access to sources of proof favors transfer.................11

      C.     The public interest factors favor transfer to the N.D. Cal.......................................13

            1.     Local interests strongly transfer to the N.D. Cal. .....................................13

             2.     The remaining public interest factors are neutral. .....................................14

VI.   CONCLUSION.....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

**Cases**

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010)................................................................................................10

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
    358 F.3d 337 (5th Cir. 2004) ...................................................................................................7

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020)........................................................................................12, 15

*Correct Transmission LLC v. ADTRAN, Inc.*,
    No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ..........................13

*In re Dish Network L.L.C.*,
    No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)..................................................11

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)................................................................................................8

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ......................................9, 11, 13

*In re Google LLC*,
    No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)........................................10, 12, 14

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .................................................12

*In re Google LLC*,
    No. 2022-140, 2022 WL 1613192 (Fed. Cir. May 23, 2022).......................................... *passim*

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
    No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021).......................8, 9

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...............................................10

*In re Juniper Networks*,
    14 F.4th at 1320 ...............................................................................................10, 14, 15

*Monterey Rsch., LLC v. Broadcom Corp.*,
    No. W-21-CV-00541-ADA, 2022 WL 526242 (Feb. 21, 2022) .............................................15

*In re Netflix, Inc.*,
   No. 2022-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ....................................................10

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) ..................................................................................14, 15

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) .............................................................................................................8

*Turner v. Cincinnati Ins. Co.*,
   No. 6:19-CV-642-ADA- JCM, 2020 WL 210809 (W.D. Tex. Jan. 14, 2020) .......................15

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .....................................................................................................7

*In Re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................................7, 9

**Rules**

Fed. R. Civ. P. 45(c)(1) .............................................................................................................11

**Patents**

U.S. Patent No. 7,069,310 ...........................................................................................................6

U.S. Patent No. 7,787,818 ...........................................................................................................6

U.S. Patent No. 7,937,380 ...........................................................................................................6

**Statutes**

28 U.S.C. § 1400(b) .....................................................................................................................8

28 U.S.C. § 1404(a) ..................................................................................................................1, 7

1862837

Defendants Google LLC and YouTube, LLC (collectively, "Google" or "Defendants") respectfully request that the Court transfer this action to the United States District Court for the Northern District of California (N.D. Cal.) pursuant to 28 U.S.C. § 1404(a).[1]

## I.      INTRODUCTION

Plaintiff Wildseed Mobile LLC ("Wildseed"), which incorporated in Texas only last July, is asserting five recently-acquired patents against a host of services provided by Google, including Google Search, YouTube, Google Docs/Drive, Google Meet, and Google Photos. None of the product and engineering teams that helped build and maintain the functionality that Wildseed accuses are located in the Western District of Texas (W.D. Tex.), or in Texas at all. Rather, they are based elsewhere–with more in Northern California than anywhere else. Unsurprisingly, then, Defendants are aware of *no* relevant personnel (much less anticipated trial witnesses) assigned to work from Texas. Potentially relevant documents were also created and are maintained outside of Texas, primarily in Northern California. And numerous third-party witnesses are located in Northern California and none—to Defendants' knowledge—are in Texas. In short, the potentially relevant witnesses and events giving rise to this case are based primarily in Northern California.

Any connection between Wildseed and the W.D. Tex. arises entirely from Wildseed's attempt to manufacture a connection for purposes of litigation. Wildseed's presence in the district is a mere mail drop located in a co-working space that opened *after* Wildseed filed the first version of this suit. Wildseed itself appears to have been formed by its New York-based manager, Michael Jemal, for no reason other than to shift patents from his Delaware-based LLC into Texas to create the appearance of a link to this state and thereby burnish any purported ties to this judicial district.

---

[1] As indicated in the Certificate of Conference, Plaintiff opposes this motion.

In sum, *every* factor of the transfer analysis either weighs in favor of transfer to the N.D.

Cal. or is neutral; *none* favors keeping the case in this District. Thus, transfer is warranted.

## II.   PROCEDURAL HISTORY

Wildseed originally filed suit on December 1, 2021. In its complaint, Wildseed accused

Google LLC and YouTube, LLC of infringing five patents.[2] That suit identified Wildseed's

"place of business" as 510 Austin Avenue, Waco, TX. Defendants moved to dismiss.[3] Wildseed

amended its complaint in response.[4] The parties met and conferred, and Defendants noted they

would move to dismiss again for failure to state a claim. Without notice, Wildseed dismissed

its lawsuit on April 4, 2022–shortly before Defendants planned to file that second motion.[5]

Inexplicably, that same day, Wildseed filed the present action, which includes a nearly

identical complaint asserting the same five patents as asserted in the complaint filed last

December.[6] This lawsuit again identifies Wildseed's "place of business" as 510 Austin Avenue,

Waco, TX. Defendants again moved to dismiss for failure to state a claim.[7] Wildseed again

responded by filing an amended complaint.[8] Defendants answered on June 6, 2022.

## III.   FACTUAL BACKGROUND

### A.   More witnesses are in N.D. Cal and more documents are created and maintained in N.D. Cal. than any other location.

The headquarters and strategic hub of Google's business is located in Northern

---

[2] *See* No. 6:21-cv-01245-ADA, Dkt. No. 1. The five asserted patents are United States Patent Nos. 7,376,414 (the "'414 patent"), 9,141,960 (the "'960 patent"), 10,251,021 (the "'021 patent"), 10,959,040 (the "'040 patent") and 10,869,169 (the "'169 patent") (collectively, the "Asserted Patents").
[3] *Id.*, Dkt. No. 39.
[4] *Id.*, Dkt. No. 45.
[5] *Id.*, Dkt. No. 50.
[6] No. 6:22-cv-00357-ADA, Dkt. No. 1.
[7] *Id.*, Dkt. No. 44.
[8] *Id.*, Dkt. No. 46.

California–specifically Mountain View and neighboring Sunnyvale.[9] As of April 2022, the Mountain View headquarters employed about ███ employees (about ███ of Google's U.S. employees).[10] Google also has over ███ employees in San Francisco and other smaller offices located in the N.D. Cal.[11] Nearly ███ of Google's total U.S. employees, including engineers, product managers, marketers, executives, and staff, are located in the N.D. Cal.[12]

Google has no offices or facilities located in Waco.[13] Google maintains relatively small offices in Austin and San Antonio. The Austin office maintains only ███ of its employees and the San Antonio office has only ███ employees.[14]

YouTube, LLC was founded in Northern California in 2005 and acquired by Google in late 2006.[15] In 2006, YouTube, LLC moved to a headquarters in San Bruno, California, where it remains.[16] Its current business address is 901 Cherry Avenue in San Bruno.[17] YouTube, LLC has no offices in the W.D. Tex. or any Texas location.[18] YouTube, LLC ███████████.[19]

In its April 4 and May 9 complaints and May 10 infringement contentions, Wildseed identified the following functionalities as allegedly infringing the Asserted Patents:

- Selecting and playing "mid-roll" ads in the middle of YouTube video playback, and buffering video content on the client-side while the ad was playing.[20]

---

[9] Declaration of William Randall in Support of Defendants' Motion to Transfer ("Randall Decl.") ¶¶ 3-4.
[10] *Id.* ¶ 4.
[11] *Id.*
[12] *Id.*
[13] *Id.* ¶ 6.
[14] *Id.* ¶ 5.
[15] *Id.* ¶ 7.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] Declaration of Eric Hanson in Support of Defendants' Motion to Transfer ("Hanson Decl.") Ex. D; *see also* First Amended Complaint, Dkt. 46 ("FAC") ¶¶ 63-126.

3

- Creating and sending a notification with a link to an uploaded YouTube video,[21] shared photo in Google Photos,[22] Google Meet meeting scheduled via Google Calendar,[23] and a shared document in Google Docs.[24]
- Providing personalized event recommendations on mobile devices using inferred location and inferred entertainment preferences.[25]

Based on Wildseed's contentions, the relevant teams and employees identified in **Appendix A** are potential trial witnesses concerning these accused functionalities. They have relevant knowledge as they have designed, developed, and/or maintained the accused functionalities.

In addition, Defendants' patent licensing practices are at issue here. The individuals knowledgeable and responsible for licensing are on Google's ████████████████ ████████████.[26] That team has ██ members in Texas.[27] Instead, ████████████ ████████████████████████████████████████████████████████████████[28]

Given the location of these teams, relevant documents are also created and maintained outside of Texas and primarily in Northern California. As a matter of practice, documents about products and services are created and maintained by the employees working on them.[29] Since **none** of the relevant teams and team members identified in Defendants' investigation are assigned to Google's Texas offices, and more are assigned to Northern California, documents are created and maintained outside of Texas, and primarily in Northern California.[30]

---

[21] Hanson Decl. Ex. E; FAC ¶¶ 236-59.
[22] Hanson Decl. Ex. F; FAC ¶¶ 211-36.
[23] Hanson Decl. Ex. G; FAC ¶¶ 260-83.
[24] Hanson Decl. Ex. F-H; FAC ¶¶ 284-307.
[25] Hanson Decl. Exs. I-K; FAC ¶¶ 127-210.
[26] Randall Decl. ¶ 8.
[27] *Id.*
[28] *Id.*
[29] *See* Declarations in Support of Defendants' Transfer Motion from Sanjukta Mathur ("Mathur Decl.") ¶ 5; James Michael McCollum ("McCollum Decl.") ¶ 6; Karthik Jayaraman ("Jayaraman Decl.") ¶ 5; Benjamin Hulse ("Hulse Decl.") ¶¶ 4-7; Andrew McNamee ("McNamee Decl.") ¶ 5; and Annie Chen ("Chen Decl.") ¶ 5.
[30] Mathur Decl. ¶¶ 3-5, 7; McCollum Decl. ¶¶ 4-5; Jayaraman Decl. ¶¶ 3- 6; Hulse Decl. ¶ 1, 3-7;

**B.      Wildseed's connections to W.D. Tex. are recent and limited.**

Plaintiff Wildseed is a Texas LLC that was formed in July 2021.[31] According to the most up-to-date filing information maintained by the Texas Secretary of State, Wildseed's address is an office suite on Balcones Drive in Austin.[32] (This suite appears to be nothing more than the location for "Texas Registered Agent LLC," a company that serves as the registered agent for numerous businesses.[33]) Nevertheless, beginning with it first complaint filed on *December 1, 2021* through its most recent on May 9, 2022, Wildseed identified its "place of business" at 510 Austin Avenue in Waco.[34] In reality, this is nothing more than a mail drop in a coworking space that was under construction and ***did not even open until February 2022***.[35] Even today, Wildseed does not appear to have an office suite, desk, or employees working in the building; instead it uses the site as a mailing address.[36] What "business" Wildseed was conducting in a building still under construction was never explained in the original complaint.

Wildseed itself appears to have been formed by its New York-based manager, Michael Jemal, for no reason other than to shift patents from his Delaware-based LLC into a Texas LLC, and manufacture a link to this judicial district. Each of the Asserted Patents were assigned to Wildseed from Varia Holdings LLC in mid-to-late 2021–months before this suit was filed.[37] The manager for Varia Holdings LLC is the same as Wildseed: Michael Jemal.[38] And Mr. Jemal

---

McNamee Decl. ¶¶ 3, 6; Chen Decl. ¶¶ 1, 4-5.

[31] Declaration of Jacqueline A. Hartmann in Support of Defendants' Motion to Transfer ("Hartmann Decl."), Ex. A.

[32] *Id.*

[33] Hartmann Decl. Ex. C.

[34] Dkt. No. 46. at ¶ 2.

[35] Hanson Decl. ¶¶ 2-3; Declaration of Mark Burrow in Support of Defendants' Motion to Transfer ("Burrow Decl.") ¶¶ 2-4.

[36] Burrow Decl. ¶¶ 3-4.

[37] Hartmann Decl. Ex. B.

[38] Hartmann Decl. Ex. B (Michael Jemal identified himself as the "Manager" for Varia Holdings

appears to reside in or around New York City–not Texas.[39]

### C.    No known third-party witnesses are located in this District, but relevant witnesses reside in or nearer to the N.D. Cal.

#### 1.    At least eight prior art witnesses live in California.

Although Defendants are still investigating potential prior art and developing their invalidity contentions, Defendants have already identified numerous prior art witnesses in or near the Bay Area. For the '969, '021, and '040 Patents, U.S. Patent Nos. 7,787,818 and 7,937,380 are prior art.[40] Three of the four inventors of these patents appear to be based in the Bay Area, and the fourth appears to be based in Los Angeles.[41] For the '169 Patent, the Shutterfly photo sharing system is prior art; the Shutterfly company is headquartered in Redwood City, California, which is located in the Bay Area.[42] Also for the '169 Patent, U.S. Patent No. 7,069,310 and U.S. Patent Application No. 2002/0023134 are prior art.[43] Inventors Steven G. Roskowski and Andrew D. Ridel appear to be based in the Bay Area,[44] and inventor Alan Bartholomew, appears to be based in Pasadena, California.[45]

#### 2.    Eleven inventors and patent prosecuting attorneys appear to live in the Pacific Northwest.

The inventors of all five Asserted Patents—Jonathan Nelson and Evan Feldman ('960, '021, and '040 patents) and Peter Zatloukal and Tyrol Graham ('040 and '169 patents)—

---

LLC and signed the patent assignments before a notary in King County, New York. Also, Wildseed Mobile LLC's address is identified as a location on Broadway Street in New York City); Ex A. (identifying Michael Jemal as the "Manager" for Wildseed Mobile LLC).

[39] Hartman Decl., Ex. D.
[40] *Id.* ¶¶ 22-23.
[41] *Id.* ¶¶ 22-23 and Exs. U, V.
[42] *Id.* ¶ 18 and Ex. Q.
[43] *Id.* ¶¶ 19-20.
[44] *Id.* ¶ 19 and Ex. R.
[45] *Id.* ¶ 20 and Ex. S.

appear to reside in the Seattle area,[46] which is far closer to the N.D. Cal. than to the W.D. Tex.

All of the patent prosecuting attorneys are located outside of Texas.[47] Aloysius AuYeung, who prosecuted the initial phases of the '414 patent prosecution,[48] and Robert Peck and Richard Legget, who handled the subsequent '414 patent proceedings,[49] appear to be based in the Seattle area. Jo Ann Schmidt, who prosecuted the '960 patent, appears to be based in Woodland, Washington, 29 miles from Portland.[50] Ryan Fox-Lee, who prosecuted the '021 and '960 patents, appears to be based in Portland.[51] Linda S. Zacariah, who prosecuted the '960 patent, appears to be based in the Seattle area.[52] Ryan Strauss, who prosecuted the '040, '021, and '169 patents, appears to be based in Portland.[53] These locations are much closer to the N.D. Cal.

## IV.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district. *In Re Volkswagen of Am., Inc*., 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). Thereafter, the moving party must show that the transferee district is the clearly more convenient forum. *Id*. at 314-15. The determination of "convenience" turns on a number of public and private interest factors. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: (1) the ease of access to sources of proof; (2) the availability of compulsory process; (3) the cost of attendance for witnesses; and (4) all other practical problems that affect trial. *In re Volkswagen*

---

[46] *Id*. ¶¶ 6-9 and Exs. E-H. It appears that Eric Engstrom, the third inventor of the asserted '040 and '169 patents, passed away in 2020. *See id.* ¶ 10.
[47] *Id*. ¶¶ 11-17 and Exs. J-P.
[48] *Id*. ¶ 11 and Ex. J.
[49] *Id*. ¶¶ 12-13 and Exs. K-L.
[50] *Id*. ¶ 16 and Ex. O.
[51] *Id.* ¶ 14 and Ex. M.
[52] *Id.* ¶ 15 and Ex. N.
[53] *Id*. ¶ 17 and Ex. P.

7

*AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public factors include: (1) the administrative difficulties from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the governing law; and (4) the avoidance of unnecessary problems of conflict of laws. *Id*.

## V.   ARGUMENT: THE § 1404 FACTORS FAVOR TRANSFER

### A.   This case could have been filed in the N.D. Cal.

A patent infringement case may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Plaintiff concedes that Defendants maintain their headquarters in the N.D. Cal.,[54] and thus this case could have been filed there.

### B.   All private interest factors strongly favor transfer.

#### 1.   The cost of attendance for willing witnesses strongly favors transfer.

"The convenience of the witnesses is probably the single most important factor in [the] transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Because the majority of willing witnesses reside in and around the N.D. Cal.–and none in W.D. Tex.–this factor strongly favors transfer. *See HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. W-20-CV-01092-ADA, 2021 WL 4953884, at *5 (W.D. Tex. Oct. 25, 2021) (this factor "weighs strongly in favor of transfer" where "the majority of party witnesses and potentially willing third-party witnesses reside in [the N.D. Cal.], with no relevant witnesses in [the W.D. Tex.]"). Again, Google's headquarters—the strategic hub of the company's business—has been located in the N.D. Cal.

---

[54] Dkt. 46, ¶¶ 3, 5.

since both Google LLC and YouTube, LLC were founded.[55] Most of the relevant employees with knowledge related to the accused functionalities are based in or around the N.D. Cal., whereas Defendants are aware of none in Texas.[56] As explained in the supporting declarations, these individuals have direct experience with the accused functionalities.[57]

None of this is a surprise. As the Federal Circuit recently observed, "[g]iven that Google's accused functionality is at the center of the allegations . . . it is not surprising that witnesses reside in Northern California–the location of Google's headquarters where the accused technology was developed." *In re Google LLC*, No. 2022-140, 2022 WL 1613192 , at *3 (Fed. Cir. May 23, 2022) (ordering transfer to N.D. Cal.). The fact the witnesses identified by Defendants happen to be employees "does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021); *see also HD Silicon Sols.*, 2021 WL 4953884, at *5 ("the Federal Circuit now takes the position that this Court should not accord the convenience of party witnesses less weight").

As for inventors and patent prosecuting attorneys, all reside in Washington or Oregon. It would also be far more convenient for them to travel to the N.D. Cal. than the W.D. Tex.[58]

Moreover, the distance between the location of the potential witnesses and the W.D. Tex. is significant. "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." *Volkswagen II*, 545 F.3d at 317. Again, the large majority of anticipated trial witnesses

---

[55] Randall Decl. ¶¶ 3, 7.

[56] Mathur Decl. ¶¶ 3-4, 6-7; McCollum Decl. ¶¶ 4-5; Jayaraman Decl. ¶¶ 3-4, 6, 8; Hulse Decl. ¶ 3-7; McNamee Decl. ¶¶ 4, 6; Chen Decl. ¶ 4.

[57] *See generally* Mathur Decl., McCollum Decl., Chen Decl., Jayaraman Decl., Hulse Decl., and McNamee Decl.

[58] Indeed, travel to the N.D. Cal. would even be more convenient for Wildseed's own counsel, who are based in Northern California themselves. *See* No. 6:22-cv-00357-ADA, Dkt. Nos. 8-15 (pro hac applications for Plaintiffs' counsel located in the N.D. Cal.).

reside in the N.D. Cal. whereas *none* reside in the W.D. Tex. Should this case remain in the W.D. Tex., these witnesses would have to travel to Waco, Texas. This distance will impose costly and time-consuming travel, as well as lost time from work and family. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (considering that "witnesses will suffer the personal costs associated with being away from work, family, and community") (internal quotations omitted).

On the other side of the ledger, Defendants have not identified a single likely witness located in the W.D. Tex., or anywhere in Texas. This case thus presents an even stronger case for transfer than *In re Juniper Networks, Inc.*, where the Federal Circuit ordered transfer to the N.D. Cal. despite the fact that the plaintiff had identified a party witness in the W.D. Tex., 14 F. 4th 1313, 1319 (Fed. Cir. 2021); *see also In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) (ordering transfer to the N.D. Cal. despite 7 employees in the E.D. Tex.).

Finally, though Google has Austin and San Antonio offices, no expected trial witnesses are based there.[59] And merely having an office in the transferor district does not move the needle if witnesses and evidence are located elsewhere. As the Federal Circuit has repeatedly held, the transfer analysis is focused on "the locus of the events that gave rise to the dispute," not "general presence in the judicial forum[.]" *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *1, *6 (Fed. Cir. Oct. 6, 2021) (transfer to the N.D. Cal. appropriate notwithstanding Google's offices in Austin and San Antonio). *See also In re Google LLC*, 2022 WL 1613192 , at *4 n.3 (same); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *1-2 (Fed. Cir. Sept. 25, 2018) (transfer appropriate even though the defendant "maintain[ed] an office" within the transferor district).

2.      **The availability of compulsory process to secure attendance of witnesses strongly favors transfer.**

---

[59] Mathur Decl. ¶¶ 3-4, 7; McCollum Decl. ¶ 5; Jayaraman Decl. ¶¶ 4, 6, 8; Hulse Decl. ¶¶ 4-7; McNamee Decl. ¶¶ 3-4, 6; Chen Decl. ¶ 4.

1862837

The availability of compulsory process heavily favors transfer because numerous third-party witnesses reside in the N.D. Cal. Here, Defendants have identified at least six third-party witnesses that are based in the N.D. Cal. and have relevant information. Specifically, six prior art witnesses–Michael Spiegelman, William White, Andrew Shapiro, David Frerichs, Steven G. Roskowski, and Andrew D. Ridel–are located in the transferee district.[60] *Compare In re Google LLC*, 2021 WL 4427899, at *1, *6–7 (weight should be given to the location of Google's prior art witnesses). Additionally, Shutterfly–a prior art photo sharing service–is located in the N.D. Cal. Two additional prior art witnesses–Alan Bartholomew and Seth Skolnick–appear to reside in Southern California.[61] Defendants have located ***no*** prior art witnesses located in this District.

A district court may compel attendance by a witness if the proceeding is (1) within 100 miles of the witness's residence or place of business or (2) within the state if doing so would not incur substantial expense. Fed. R. Civ. P. 45(c)(1). Thus, courts in this District cannot compel any of the above third-party witnesses to attend a hearing or trial. At this stage, it is unknown whether the prior art witnesses listed above, six of whom appear to reside in the N.D. Cal and two of whom appear to reside in Southern California, would be willing participants; accordingly, they are presumed to be unwilling witnesses that are considered under this factor. *See In re Dish Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021). In sum, this factor weighs heavily in favor of transferring this case to the N.D. Cal.

### 3. The relative ease of access to sources of proof favors transfer.

Because the sources of proof are far more accessible in the N.D. Cal., this factor favors transfer. "In patent infringement cases, the bulk of the relevant evidence usually comes from the

---

[60] Hartmann Decl. ¶¶ 19, 21-23 and Exs. R, T-V.
[61] Hartmann Decl. ¶¶ 18, 20, 22 and Exs. Q, S, and U.

accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

As noted above, the key witnesses and product teams for the accused functionalities are based mainly in N.D. Cal. and are not based in Texas. These include Ben Hulse and ▮ members of his team based in the Bay Area; ▮▮▮▮▮ and ▮ members of her team based in California; ▮▮▮ and ▮ members of her team based in the Bay Area; and Karthik Jayaraman and ▮ team members based in the Bay Area; ▮▮▮▮ and ▮ members of his team based in California; and Sanjukta Mathur and her ▮▮▮▮ colleagues based in the Bay Area.[62]

In contrast, ***none*** of the employees identified by Defendants as having knowledge relevant are located in Texas. Most are located in Northern California with the rest in Southern California, New York, North Carolina, Hawaii, or outside of the U.S.[63] And documents about products and services are created and maintained by the employees working on them.[64]

In prior cases involving Defendant Google, the Federal Circuit has held that the location of *employees* with relevant knowledge bears on the relative ease of access to *proof* as well. *See, e.g.*, *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (district court erred by "analyzing only the location of servers where documents are stored, rather than also considering the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval"); *In re Google LLC*, 2021 WL 4592280, at *7 (ordering transfer where the "source code and technical documents relating to the accused activities, as well as a significant number of documents relating to Google's marketing, finances,

---

[62] Hulse Decl. ¶¶ 1, 3-7; Jayaraman Decl. ¶¶ 3, 4, 8; McCollum Decl. ¶¶ 4-5.
[63] Mathur Decl. ¶¶ 3-4, 6-7; McCollum Decl. ¶¶ 4-5; Jayaraman Decl. ¶¶ 3-4, 6, 8; Hulse Decl. ¶¶ 1, 3-7; McNamee Decl. ¶¶ 3-4, 6; Chen Decl. ¶ 4.
[64] Mathur Decl. ¶ 5; McCollum Decl. ¶ 6; Jayaraman Decl. ¶ 5; Hulse Decl. ¶¶ 4-7; McNamee Decl. ¶ 5; Chen Decl. ¶ 5.

and sales, were ***created and are maintained*** in the Northern District of California") (emphasis added); *In re Google LLC*, 2022 WL 1613192, at *2 (ordering transfer where Google's technical documents were "physically present and/or electronically accessible" in the Northern District of California).[65] Because more employees with knowledge reside in N.D. Cal–and none in the W.D. Tex.–the relative access to sources of proof is greater in the N.D. Cal. This factor favors transfer.

### 4.    Considerations of judicial economy favor transfer to N.D. Cal.

The fourth private factor, which focuses on judicial economy and the existence of co-pending litigation, also favors transfer. Apart from the action that Wildseed filed in the W.D. Tex. and promptly dismissed, no other cases regarding the five Asserted Patents have been filed in the W.D. Tex. As such, there is no co-pending litigation that might weigh against transfer.

As for judicial economy, this consideration favors transfer where, as is the case here, the "most witnesses are present in the transferee forum and the plaintiff has no presence in the Western District." *Correct Transmission LLC v. ADTRAN, Inc.,* No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *5 (W.D. Tex. May 17, 2021) (internal citation omitted). Again, the large majority of the identified trial witnesses are located in the N.D. Cal., while none are located in the W.D. Tex. Moreover, to the extent Wildseed has any presence in the W.D. Tex., it is merely a mail drop.[66] The fourth private interest factor therefore favors transfer.

### C.    The public interest factors favor transfer to the N.D. Cal.

### 1.    Local interests strongly transfer to the N.D. Cal.

The N.D. Cal.'s local interest in this lawsuit strongly favors transfer. The Federal

---

[65] The potential for Defendants to pursue electronic access of these documents from Google's offices in the Western District of Texas does not cut against transfer. *In re Google LLC*, 2021 WL 4427899, at *6.

[66] Hanson Decl. ¶¶ 2-3; Hartmann Decl., Exs. A-C.

1862837

Circuit has repeatedly held that a judicial district where the allegedly infringing products were designed and developed has a strong interest in adjudicating infringement disputes locally. *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021); *Juniper*, 14 F.4th at 1319-20.

Here, local interests favor transfer. Defendants were founded and continue to maintain their headquarters in the N.D. Cal. Additionally, the N.D. Cal. is where the majority of employees who are knowledgeable are based. And the N.D. Cal. is where Defendants design, develop, implement, and maintain the accused products. Accordingly, the N.D. Cal. has an interest in the adjudication of this matter. The W.D. Tex., on the other hand, has no connection with the events and parties relevant to this action. In particular, Wildseed has only a recent and insubstantial presence in this district—its office in Waco is no more than a mail drop that opened *after* Wildseed filed the first incarnation of this lawsuit. "[L]ittle or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks*, 14 F.4th at 1320 (internal quotation omitted); *see also id.* (collecting cases); *see also In re Google LLC*, 2022-140, 2022 WL 1613192, at *4 (ordering transfer where N.D. Cal. had "substantial local interest" because products were designed and developed in N.D. Cal. and "plaintiff's only connections to [E.D. Tex] were largely tied to bringing patent lawsuits in that district," which was "not entitled to significant weight").

## 2. The remaining public interest factors are neutral.

The remaining three public interest factors are neutral. Both N.D. Cal. and W.D. Tex. are experienced in handling patent infringement lawsuits (third factor) and there are no conflicts of law at issue (fourth factor). As for court congestion, this factor is also neutral.

Court congestion is concerned with the "[a]dministrative difficulties" that result when "litigation accumulates in congested centers instead of being handled at its origin." *Turner v. Cincinnati Ins. Co.*, No. 6:19-CV-642-ADA- JCM, 2020 WL 210809, at *5 (W.D. Tex. Jan. 14, 2020). Time to trial statistics show only small differences between N.D. Cal. and W.D. Tex—from March 31, 2021 to March 31, 2022, the median times to trial in the two districts were roughly the same–27.2 months in this Court versus 31.1 months in the N.D. Cal.[67] *See also In re Juniper Networks,*, 14 F.4th at 1322 ("the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics").

Regardless, any differences in the speed to trial between the two districts does not meaningfully impact the analysis. The Federal Circuit has repeatedly held "that a court's general ability to set a fast-paced schedule is not particularly relevant to this factor." *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020). Where, as is the case here, "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id.* at 1344 n.5.[68]

## VI. CONCLUSION

For the foregoing reasons, this case should be transferred to the N.D. Cal.

---

[67] Hartmann Decl., Ex. W.
[68] *See also, e.g., In re Samsung Elecs. Co., Ltd.*, 2 F.4th at 1380 (reversing denial of transfer motion where the court relied on "the prospective speed with which [the] case might be brought to trial"); *Monterey Rsch., LLC v. Broadcom Corp.*, No. W-21-CV-00541-ADA, 2022 WL 526242, at *14 (Feb. 21, 2022) (noting that "this Court's ability to hold trials largely in line with the default scheduling order" is afforded "little to no predictive weight" under the first public interest factor). For that reason, "when other relevant factors weigh in favor of transfer or are neutral, then the speed of the transferee district court should not alone outweigh those other factors." *In re Juniper Networks*, 14 F.4th at 1322 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)). *See also In re Google LLC*, 2022-140, 2022 WL 1613192, at *5 ("[N]either the district court nor [the patentee] has identified any reason why a more rapid disposition of the cases should be assigned such significant weight here to outweigh the clear convenience of the transferee forum.").

1862837

Dated: June 7, 2022                          Respectfully submitted,


                                             By: *s/David J. Silbert*
                                                  David J. Silbert
                                                  dsilbert@keker.com
                                                  Paven Malhotra
                                                  pmalhotra@keker.com
                                                  Anjali Srinivasan
                                                  asrinivasan@keker.com
                                                  Eric B. Hanson
                                                  ehanson@keker.com
                                                  William S. Hicks
                                                  whicks@keker.com
                                                  Kristen E. Lovin
                                                  klovin@keker.com
                                                  Morgan E. Sharma
                                                  msharma@keker.com
                                                  Catherine C. Porto
                                                  cporto@keker.com
                                                  KEKER, VAN NEST & PETERS LLP
                                                  633 Battery Street
                                                  San Francisco, CA 94111
                                                  Tel: 415-391-5400

                                                  Paige Arnette Amstutz
                                                  SCOTT, DOUGLASS & MCCONNICO, LLP
                                                  303 Colorado Street
                                                  Suite 2400
                                                  Austin, TX 78701
                                                  (512) 495-6300
                                                  Fax: 512-495-6399
                                                  Email: pamstutz@scottdoug.com

                                             Attorneys for Defendants
                                             GOOGLE LLC and YOUTUBE, LLC

1862837

## **<u>CERTIFICATE OF CONFERENCE</u>**

As indicated in footnote 1 on page 1, I certify that counsel for Defendants conferred with counsel for Plaintiff on June 7, 2022, regarding the foregoing Motion to Transfer. Plaintiff's counsel indicated that Plaintiff opposes the Motion to Transfer; thus, intervention by the Court is necessary.

*/s/ David Silbert*
David Silbert

17

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 7, 2022.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5.2(e) on June 7, 2022.

*/s/ David Silbert*
David Silbert

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ David Silbert*
David Silbert

18