# EXHIBIT 1

| From: | Robert Xie |
|---|---|
| To: | txwdml_lawclerks_judgealbright@txwd.uscourts.gov |
| Cc: | kramerday-wildseedmobile@kramerday.com; WILDSEED; Deron Dacus; pamstutz@scottdoug.com |
| Subject: | Wildseed Mobile LLC v. Google LLC and YouTube, LLC, Case No. 6:22-cv-00357-ADA - Venue Discovery Dispute |
| Date: | Friday, August 19, 2022 6:25:46 PM |
| Attachments: | 2022 08-19 Wildseed v. Google et al. - Discovery Dispute Chart (Venue).docx |

---

[EXTERNAL]

---

Dear Judge Albright's Law Clerks:

The parties seek the Court's assistance with the resolution of the attached venue discovery disputes. Counsel for the parties have conferred on the issues but have been unable to resolve the identified remaining matters. In accordance with the Court's OGP, a chart reflecting the parties' respective positions is attached. If the Court would like additional information or argument regarding the matter, please let us know.

Respectfully submitted,
Robert Xie

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

# EXHIBIT 2

| | |
|---|---|
| **From:** | Robert Xie |
| **To:** | WILDSEED; pamstutz@scottdoug.com |
| **Cc:** | kramerday-wildseedmobile@kramerday.com; Deron Dacus |
| **Subject:** | Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer |
| **Date:** | Wednesday, July 20, 2022 12:23:48 PM |
| **Attachments:** | 2022 07-20 Wildseed - Discovery Letter.pdf |

**[EXTERNAL]**

Counsel:

Please see the attached correspondence.  Let us know your availability for a meet and confer.  We look forward to hearing from you.

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

# EXHIBIT 3

| From: | Morgan E. Sharma |
|---|---|
| To: | Robert Xie; WILDSEED; pamstutz@scottdoug.com |
| Cc: | kramerday-wildseedmobile@kramerday.com; Deron Dacus |
| Subject: | RE: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer |
| Date: | Friday, July 22, 2022 3:30:39 PM |

Hi Robert,

We are available next Thursday, July 28, between 9am and 12pm PT. Please let us know if there is a time in that window that works for you. We'd also like to discuss on the call Wildseed's responses to Google's discovery requests—in particular, when you intend to produce documents and whether you intend to withhold any documents based on the objections you raised.

Best,
Morgan

**Morgan E. Sharma**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6627 direct | 847 373 8787 cell
msharma@keker.com | vcard | keker.com

**From:** Robert Xie <rxie@kramerday.com>
**Sent:** Wednesday, July 20, 2022 12:23 PM
**To:** WILDSEED <WILDSEED@keker.com>; pamstutz@scottdoug.com
**Cc:** kramerday-wildseedmobile@kramerday.com; Deron Dacus <ddacus@dacusfirm.com>
**Subject:** Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

[EXTERNAL]

Counsel:

Please see the attached correspondence.  Let us know your availability for a meet and confer.  We look forward to hearing from you.

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**

577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

# EXHIBIT 4
# CONDITIONALLY FILED
# UINDER SEALED

# EXHIBIT 5

| | |
|---|---|
| **From:** | Robert Xie |
| **To:** | Kristen E. Lovin; kramerday-wildseedmobile@kramerday.com; Deron Dacus |
| **Cc:** | Anjali Srinivasan; Morgan E. Sharma; WILDSEED; pamstutz@scottdoug.com |
| **Subject:** | Re: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer |
| **Date:** | Wednesday, August 10, 2022 5:08:43 PM |
| **Attachments:** | 2022 08-10 Xie Ltr to Lovin re Discovery.pdf |

**[EXTERNAL]**

Counsel:

Please see the attached correspondence.

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

**From:** Robert Xie <rxie@kramerday.com>
**Date:** Friday, August 5, 2022 at 3:46 PM
**To:** "Kristen E. Lovin" <klovin@keker.com>, KramerDay-WildseedMobile <KramerDay-WildseedMobile@kramerday.com>, "ddacus@dacusfirm.com" <ddacus@dacusfirm.com>
**Cc:** "asrinivasan@keker.com" <asrinivasan@keker.com>, "msharma@keker.com" <msharma@keker.com>, "wildseed@keker.com" <wildseed@keker.com>, "pamstutz@scottdoug.com" <pamstutz@scottdoug.com>
**Subject:** Re: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

Counsel:

We have received your letter.  We are reviewing its contents and will respond in due course.

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010

T: 650.825.4300 x123
rxie@kramerday.com

---

**From:** "Kristen E. Lovin" <klovin@keker.com>
**Date:** Friday, July 29, 2022 at 6:36 PM
**To:** Robert Xie <rxie@kramerday.com>, KramerDay-WildseedMobile <KramerDay-WildseedMobile@kramerday.com>, "ddacus@dacusfirm.com" <ddacus@dacusfirm.com>
**Cc:** "asrinivasan@keker.com" <asrinivasan@keker.com>, "msharma@keker.com" <msharma@keker.com>, "wildseed@keker.com" <wildseed@keker.com>, "pamstutz@scottdoug.com" <pamstutz@scottdoug.com>
**Subject:** RE: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

Counsel,

Please see the attached correspondence.

Regards,
Kristen

---

**From:** Anjali Srinivasan <ASrinivasan@keker.com>
**Sent:** Wednesday, July 27, 2022 2:32 PM
**To:** Robert Xie <rxie@kramerday.com>; Morgan E. Sharma <MSharma@keker.com>; WILDSEED <WILDSEED@keker.com>; pamstutz@scottdoug.com
**Cc:** kramerday-wildseedmobile@kramerday.com; Deron Dacus <ddacus@dacusfirm.com>
**Subject:** RE: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

Thank you, Robert.  We will plan to use the same dial-in number you provided below.

---

**From:** Robert Xie <rxie@kramerday.com>
**Sent:** Wednesday, July 27, 2022 2:30 PM
**To:** Anjali Srinivasan <ASrinivasan@keker.com>; Morgan E. Sharma <MSharma@keker.com>; WILDSEED <WILDSEED@keker.com>; pamstutz@scottdoug.com
**Cc:** kramerday-wildseedmobile@kramerday.com; Deron Dacus <ddacus@dacusfirm.com>
**Subject:** Re: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

[EXTERNAL]

Anjali:

Tomorrow at 2 pm PT works for us.

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

---

**From:** Anjali Srinivasan <asrinivasan@keker.com>
**Date:** Wednesday, July 27, 2022 at 12:54 PM
**To:** Robert Xie <rxie@kramerday.com>, "msharma@keker.com" <msharma@keker.com>,
"wildseed@keker.com" <wildseed@keker.com>, "pamstutz@scottdoug.com"
<pamstutz@scottdoug.com>
**Cc:** KramerDay-WildseedMobile <KramerDay-WildseedMobile@kramerday.com>,
"ddacus@dacusfirm.com" <ddacus@dacusfirm.com>
**Subject:** RE: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and
Confer

Apologies counsel, we are no longer available at 9 a.m. tomorrow, can we instead plan to speak
tomorrow at 2 p.m. PT (assuming Mr. Hulse's deposition is completed by that time)?
In addition to the aspects of Wildseed's responses to Google's discovery requests highlighted below,
we would also like to discuss Wildseed's response to Interrogatory 5.


Anjali

---

**From:** Robert Xie <rxie@kramerday.com>
**Sent:** Saturday, July 23, 2022 5:15 PM
**To:** Morgan E. Sharma <MSharma@keker.com>; WILDSEED <WILDSEED@keker.com>;
pamstutz@scottdoug.com
**Cc:** kramerday-wildseedmobile@kramerday.com; Deron Dacus <ddacus@dacusfirm.com>
**Subject:** Re: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

**[EXTERNAL]**

Morgan:

Thursday, July 28th at 9:00 am works for us.  Let's use this dial-in:

**Conference Number**

(267) 930-4000

**Participant Code**
093-470-898

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

---

**From:** "Morgan E. Sharma" <msharma@keker.com>
**Date:** Friday, July 22, 2022 at 3:30 PM
**To:** Robert Xie <rxie@kramerday.com>, "wildseed@keker.com" <wildseed@keker.com>,
"pamstutz@scottdoug.com" <pamstutz@scottdoug.com>
**Cc:** KramerDay-WildseedMobile <KramerDay-WildseedMobile@kramerday.com>,
"ddacus@dacusfirm.com" <ddacus@dacusfirm.com>
**Subject:** RE: Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and
Confer

Hi Robert,

We are available next Thursday, July 28, between 9am and 12pm PT. Please let us know if
there is a time in that window that works for you. We'd also like to discuss on the call
Wildseed's responses to Google's discovery requests—in particular, when you intend to
produce documents and whether you intend to withhold any documents based on the
objections you raised.

Best,
Morgan

---

**Morgan E. Sharma**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6627 direct | 847 373 8787 cell
msharma@keker.com | vcard | keker.com

**From:** Robert Xie <rxie@kramerday.com>
**Sent:** Wednesday, July 20, 2022 12:23 PM
**To:** WILDSEED <WILDSEED@keker.com>; pamstutz@scottdoug.com
**Cc:** kramerday-wildseedmobile@kramerday.com; Deron Dacus <ddacus@dacusfirm.com>
**Subject:** Wildseed Mobile LLC v. Google LLC, et al., No. 6:22-CV-00357-ADA - Meet and Confer

[EXTERNAL]

Counsel:

Please see the attached correspondence.  Let us know your availability for a meet and confer.  We look forward to hearing from you.

Regards,
Robert

**Robert Xie**
**Kramer Day Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x123
rxie@kramerday.com

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WILDSEED MOBILE LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC and YOUTUBE, LLC,<br><br>*Defendants.* | Case No. 6:22-cv-00357-ADA<br><br>Jury Trial Demanded |

**PLAINTIFF'S SECOND SET OF VENUE INTERROGATORIES (NO. 5)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Wildseed Mobile LLC, ("Plaintiff" or "Wildseed") serves this second set of interrogatories ("Interrogatories") regarding Venue on Defendants Google LLC ("Google") and YouTube, LLC ("YouTube"), collectively ("Defendants"). As required by the Court's Amended Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, Defendants' responses shall be served upon counsel for Plaintiff within 20 days of service hereof.

**DEFINITIONS**

1.      You," "Your" or "Defendants" shall refer to the Defendants, collectively and individually, and any and all of their then-current or prior subsidiaries, parents, affiliates, divisions, successors, predecessors, agents, employees, consultants, representatives, directors, officers, trustees, and attorneys, or any other person or entity acting in whole or in part in concert with any of the foregoing, directly or indirectly.

2.      "Asserted Patents" means U.S. Patent Nos. 7,376,414 ("the '414 patent"), 9,141,960 ("the '960 patent"), 10,251,021 ("the '021 patent"), 0,959,040 ("the '040 patent") and 10,869,169 ("the '169 patent").

3.      "Accused Product" means any product and related components thereof identified in the Complaint and any amendments thereof and Plaintiff's Infringement Contentions and

supplements thereto.

4.       "Accused Functionalities" refers to any feature or functionality referred to directly or indirectly in Plaintiff's Infringement Contentions, individually and collectively.

5.       "Concerning" means relating to, referring to, describing, evidencing, or constituting and anything that concerns the information sought in the interrogatory.

6.       "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside the scope of these interrogatories.

7.       "All" shall include the term "each" and vice versa, as necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside the scope of these interrogatories.

8.       "Document(s)" and "Thing(s)" are used in their broadest sense as contemplated by the Federal Rule of Civil Procedure Rule 34(a)(1) and include documents in any form, including those stored electronically. Any comment or notation appearing on any document or thing, and not part of the original, is to be considered a separate document or thing. If a draft document or thing has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each nonidentical document is a separate document.

## INSTRUCTIONS

1.       In responding to the Interrogatories, You shall furnish all information in Your actual or constructive possession, custody, or control that is known or available to You, regardless of whether that information is possessed by You or any of Your current or former agents, attorneys, investigators, representatives, advisors, consultants, employees, colleagues, co-parties, co-counsel, or cooperating counsel for other parties.

2.       For each response or portion thereof that is withheld under a claim of privilege or work product, You shall furnish a list setting forth the following information: (i) a description of the information withheld; (ii) a statement of the basis upon which the privilege or work product claim is made; (iii) the name of the Person in possession, custody or control of the information;

(iv) the name of the Person asserting the privilege; (iv) the paragraph(s) of these Interrogatories that call for the production of the information.

3.      Each Interrogatory is continuing in nature to the fullest extent permitted under the Federal Rules of Civil Procedure, and any responsive information obtained or discovered after your initial response shall be promptly produced.

4.      When referring to a person, "identify" or "identification" means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5.      When referring to documents, "identify" or "identification" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

## INTERROGATORIES

**INTERROGATORY NO. 5:**

For each Person[1], identify their place of residence (street, city, and zip code) and place of business, both as of the date this case was filed and as of today; state whether each Person has had any involvement working on any of the Accused Products, Accused Functionalities, or services relating to this case in the last five years; and describe the responsibilities or tasks performed by each Person in connection with the Accused Products, Accused Functionalities, and services relating to this case for the past five years.

---

[1] Jeshua Loh, Anoop Suri, Ben Waltzer, Sandhya Dhanoa, Yu-Han Chan, Brenda Salazar, Nick DeMeuse, Jim Scordamaglia, Daniel Hackney, Joao Felipe Menhardt, Melissa Ortega, Austin H., Rachel DeMay, Carly Hamilton, Sarah Merrill Barringer, Paola Guevara, Brenda Solaro, Lacey Aston, Wendy Burdick, Shanique Brown, Jaclyn Cazares, John Mendez, Gigi Baffi, Claire Yankes, Graham Campbell, James Leonard, Eric Burleson, Winn Short, Jesse Smith, Logan Chevaillier, and Elianne Candelario.

Dated: August 4, 2022        /s/ *Robert F. Kramer*

**KRAMER DAY ALBERTI LIM
TONKOVICH & BELLOLI LLP**
Robert F. Kramer (*pro hac vice*)
rkramer@kramerday.com
M. Elizabeth Day (*pro hac vice*)
eday@kramerday.com
David Alberti (*pro hac vice*)
dalberti@kramerday.com
Sal Lim (*pro hac vice*)
slim@kramerday.com
Russell Tonkovich (*pro hac vice*)
rtonkovich@kramerday.com
Marc Belloli (*pro hac vice*)
mbelloli@feinday.com
Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerday.com
Andrew Hamill (*pro hac vice*)
ahamill@kramerday.com
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Tele: (650) 825-4300/Fax: (650) 460-8443

Deron R Dacus
ddacus@dacusfirm.com
TX Bar No. 00790553
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903 705-1117/Fax: 903 581-2543

*Attorneys for* Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 4, 2022 a copy of the foregoing was served via email to all counsel of record.

*/s/ Robert F. Kramer*

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WILDSEED MOBILE LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:22-CV-00357-ADA |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| GOOGLE LLC and YOUTUBE, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S OBJECTIONS TO PLAINTIFF
WILDSEED MOBILE LLC'S SECOND SET OF VENUE INTERROGATORIES (NO. 5)**

Defendants Google LLC and YouTube, LLC (collectively, "Defendants") hereby object

to Plaintiff's Second Set of Venue Interrogatories (No. 5) as follows:

## DEFENDANTS' GENERAL OBJECTIONS TO PLAINTIFF'S VENUE INTERROGATORIES

1.      Defendants object to the "Definitions" and "Instructions" to the extent that these definitions attempt to impose any obligations upon Defendants beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the Western District of Texas, and orders of the Court. Defendants object to these definitions as overly broad, unreasonably and unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits, including but not limited to the extent to which the definitions include duplicative information or call for the production of information where the burden or expense on Defendants of providing such information outweighs the likely benefit to Plaintiff. Defendants further object to the extent that Plaintiff's definitions improperly seek testimony, information and/or documents protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

2.      Defendants object to the Interrogatories to the extent they seek information and/or production of documents and things protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine or any other applicable privilege or immunity. To the extent that Defendants have the right to seek protection under the foregoing privileges and immunities, they have not, and do not, waive that right. If any attorney client privileged or work-product protected information is contained in any specific response, such disclosure is inadvertent and shall not constitute waiver of any privilege or protection. Any inadvertent disclosure of information subject to the attorney-client privilege or work product

1

immunity shall not constitute a waiver of any other ground for objecting to discovery with respect to such information, any other information, or the subject matter thereof. Nor shall any inadvertent disclosure of such information waive Defendants' right to object to the use of any such material or information in this action or a subsequent proceeding.

3.      An objection based on the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection recognized by law, should not be construed as a representation that such documents, things or information exist(s) or existed. Such an objection indicates only that the request(s) is of such a scope as to potentially embrace subject matter protected by such privilege, immunity, or other protection.

4.      Defendants object to the instructions, definitions, and Interrogatories to the extent they are vague, overbroad, unreasonably and unduly burdensome, and harassing.

5.      Defendants object to the instructions, definitions, and each Interrogatory to the extent they exceed the boundaries of discoverable information, or fail to describe the information sought with the required reasonable particularity. Defendants further object to the instructions, definitions, and each Interrogatory to the extent it calls upon Defendants to investigate, collect, and/or disclose information that is not relevant to the patents-in-suit, the claims or defenses of either party, or the subject matter of this litigation, or that is not proportional to the needs of the case.

6.      Defendants object to the instructions, definitions, and each Interrogatory to the extent they include factual or legal misrepresentations. A response that Defendants will produce documents, materials, information, or things is not to be construed as an admission of any factual or legal contention included in any such definition, instruction, document request, and/or topic.

7.      Defendants object to the instructions, definitions, and each Interrogatory as

2

unreasonably broad, unreasonably and unduly burdensome, and harassing to the extent they seek competitively sensitive business information of Defendants or third parties.

8.      Defendants object to the instructions, definitions, and each Interrogatory to the extent they call for an admission, expert opinion, or a legal conclusion.

9.      Defendants object to the instructions, definitions, and each Interrogatory to the extent they seek to impose upon Defendants an obligation to unduly investigate or discover information, materials, or documents, including investigating or discovering information, materials, or documents from third parties or services that are otherwise accessible to Plaintiff, that are outside the possession, custody or control of Defendants, or that require Defendants to reply on behalf of entities or persons over whom Defendants exercise no control or on whose behalf Defendants have no authority to respond.

10.      Defendants object to the instructions, definitions, and each Interrogatory to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside information discoverable under Fed. R. Civ. P. Rules 26 and 33.

11.      Defendants object to each Interrogatory to the extent it seeks information or documents that are already in Plaintiff's possession or documents available through public sources.

12.      Defendants object to each Interrogatory to the extent it is redundant or duplicative of other topics and/or requests. Any information produced in response to a topic or request is deemed to be produced in response to every other topic or request to which it is or may be responsive.

13.      Defendants object to each Interrogatory to the extent it calls for the production of information containing no date limitation and/or no geographic limitation, as it is overbroad,

unreasonably and unduly burdensome. Defendants further object to the production of any nonpublic information created after any discovery cut-off date.

14.     Defendants object to each Interrogatory to the extent it purports to attribute any special or unusual meaning to any common technical terms or phrases.

15.     Defendants object to each Interrogatory to the extent it seeks disclosure of information or the production of documents containing information subject to third-party confidentiality obligations. Defendants reserve the right to revise and/or supplement these responses after Defendants have complied with any other obligations owed to third parties regarding confidentiality.

16.     Defendants further object to Plaintiff's specific "Definitions" as follows:

(a) Defendants object to Plaintiff's definition of "You," "Your," and "Defendants," as vague and ambiguous, overly broad, and unduly burdensome to the extent that the definition includes individuals and entities beyond Google LLC and/or YouTube, LLC, and/or seeks information that is not in Google LLC and/or YouTube, LLC's possession, custody, or control. Defendants will treat these definitions to encompass only Google LLC and/or YouTube, LLC, and no other entity. Defendants further object to this definition to the extent that it seeks disclosure of information protected from disclosure by attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection recognized by law. To the extent that Defendants have the right to seek protection under the work product immunity, they have not, and do not, waive that right.

(b) Defendants object to Plaintiff's definition of "Accused Product" as vague, ambiguous, overly broad, unreasonably and unduly burdensome, and not proportional to the needs of the

4

case. Defendants interpret "Accused Product(s)" to mean: YouTube Notifications, YouTube Ads, Photos, Drive/Docs, Meet, Calendar, Events, Search, Maps, and Discover.

(c) Defendants object to Plaintiff's definition of "Accused Functionalities" as vague, ambiguous, overly broad, unreasonably and unduly burdensome, and not proportional to the needs of the case. Defendants will interpret "Accused Functionalities" to mean: (1) selecting and playing "mid-roll" ads in the middle of YouTube video playback, and buffering video content on the client-side while the ad is playing; (2) creating and sending a notification with a link to an uploaded YouTube video, shared photo in Google Photos, Google Meet meeting scheduled via Google Calendar, and a shared document in Google Docs/Slides/Sheets; (3) providing personalized event recommendations on mobile devices using inferred location and inferred entertainment preferences.

17.    Defendants object to Plaintiff's Interrogatories in their entirety to the extent that Plaintiff seeks production of email or other electronically stored information not relevant to the issue of venue in this action, and not proportional to the needs of the case.

18.    Defendants object to Plaintiff's Interrogatories in their entirety to the extent that they call for the production of email or other electronically stored information that is protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

19.    Defendants object to Plaintiff's Interrogatories in their entirety to the extent that they are overly broad and require Defendants to make an unreasonable and unduly burdensome investigation.

20.    Defendants object to Plaintiff's Interrogatories in their entirety to the extent that Plaintiff seeks production of email or other electronically stored information in violation of the

Court's Standing Order Governing Proceedings (OGP) 4.1—Patent Cases dated April 14, 2022.
*See* Standing Order Governing Proceedings (OGP) 4.1—Patent Cases at 3; *see also* Dkt. 51 at 3.

21.     Defendants object to Plaintiff's Interrogatories to the extent they seek information
pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of
the affected individuals' rights to personal privacy and confidentiality, including, without
limitation, under the EU General Data Protection Regulation 2016/679 (GDPR) Art. 17 ¶ 3;
California Consumer Privacy Act (CCPA), *see* Cal. Civ. Code § 1798.100; California
Constitution Art. 1 § 1; Lei Geral de Proteção de Dados (LGPD). All General Objections are
incorporated by reference into each Response as though set forth in full therein.

## DEFENDANTS' SPECIFIC OBJECTIONS TO PLAINTIFF'S VENUE INTERROGATORIES

### INTERROGATORY NO. 5:

For each Person[1], identify their place of residence (street, city, and zip code) and place of
business, both as of the date this case was filed and as of today; state whether each Person has
had any involvement working on any of the Accused Products, Accused Functionalities, or
services relating to this case in the last five years; and describe the responsibilities or tasks
performed by each Person in connection with the Accused Products, Accused Functionalities,
and services relating to this case for the past five years.

### RESPONSE TO INTERROGATORY NO. 5:

---

[1] Jeshua Loh, Anoop Suri, Ben Waltzer, Sandhya Dhanoa, Yu-Han Chan, Brenda Salazar, Nick
DeMeuse, Jim Scordamaglia, Daniel Hackney, Joao Felipe Menhardt, Melissa Ortega, Austin H.,
Rachel DeMay, Carly Hamilton, Sarah Merrill Barringer, Paola Guevara, Brenda Solaro, Lacey
Aston, Wendy Burdick, Shanique Brown, Jaclyn Cazares, John Mendez, Gigi Baffi, Claire
Yankes, Graham Campbell, James Leonard, Eric Burleson, Winn Short, Jesse Smith, Logan
Chevaillier, and Elianne Candelario.

Defendants incorporate by reference the General Objections as set forth above as if fully restated herein. Defendants further object to this Interrogatory on the grounds that it is untimely. Defendants filed their motion to transfer on June 7, 2022. *See* Opp. Mot. to Transfer, ECF No. 51 (June 7, 2022). Therefore, the close of venue discovery in this case is August 16, 2022. *See* Standing Order Governing Proceedings, ECF No. 26 (Apr. 14, 2022) (providing that venue discovery "shall be completed" by no later than 10 weeks after the filing of any transfer motion). Indeed, Wildseed expressly acknowledged this deadline in its notice of venue discovery. *See* N. of Venue Disco. and Br. Schedule, ECF No. 53 (June 8, 2022) (listing "August 16, 2022" as the "[c]lose of venue or jurisdictional discovery"). This Interrogatory is therefore untimely, as it seeks a response from Defendants by August 24, which is eight days past the close of venue discovery. Prior to this Interrogatory, ***none*** of these individuals had been referenced in this case by either party. Wildseed's delay is therefore inexcusable, as the identified individuals were apparently discovered by Wildseed via publicly available information. In sum, Interrogatory No. 5 reflects Wildseed's desire to engage in a fishing expedition, on the eve of the close of venue discovery, in a last-ditch effort to connect this case to the Western District of Texas.

Defendants further object to this Interrogatory on the grounds that it is compound, as it requests several discrete categories of information regarding over thirty individuals, and thus exceeds the allotted amount of venue interrogatories per Fed. R. Civ. P. 33(a)(1). Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks information beyond what is available from a reasonable search, especially as to the request for information related to "each Person." Defendants further object to this Interrogatory to the extent it seeks information that is not relevant to the issue of venue in this action, as challenged in Defendants' Opposed Motion to Transfer dated June 7, 2022, to the

extent it seeks information that is not relevant to any issue in this action, and to the extent that it seeks information not maintained in the ordinary course of business or outside Defendants' possession, custody, or control. Defendants further object to this Interrogatory's demand for personnel information by Accused Product as the Accused Products are complex and multi-featured and a request for information about personnel who work on unaccused features is unduly burdensome and not proportional to the needs of this case. Defendants further object to this Interrogatory as vague and ambiguous, especially with respect to Plaintiff's failure to identify "each Person" with the required reasonable particularity.

Defendants further object to this Interrogatory to the extent that the information sought has already been provided to Plaintiff or is a matter of public record and, therefore, equally accessible to Plaintiff. This includes information provided in the confidential Transfer Declarations. Defendants further object to this Interrogatory to the extent that Plaintiff seeks to impose obligations that are broader than or inconsistent with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

Dated:  August 16, 2022                 Respectfully submitted,

                                        By: */s/ Catherine C. Porto*
                                            David J. Silbert
                                            dsilbert@keker.com
                                            Paven Malhotra
                                            pmalhotra@keker.com
                                            Anjali Srinivasan
                                            asrinivasan@keker.com
                                            Eric B. Hanson
                                            ehanson@keker.com
                                            William S. Hicks
                                            whicks@keker.com
                                            Kristen E. Lovin
                                            klovin@keker.com
                                            Morgan E. Sharma

1881650

msharma@keker.com
Catherine C. Porto
cporto@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel: 415-391-5400

Paige Arnette Amstutz
SCOTT, DOUGLASS & MCCONNICO,
LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
Fax: 512-495-6399
Email: pamstutz@scottdoug.com

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

9

1881650

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on August 16, 2022, with a copy of this document via electronic mail.

*/s/ Catherine C. Porto*
Catherine C. Porto

10

1881650

# EXHIBIT 8
# CONDITIONALLY FILED UINDER SEALED